## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| KELVIN O. ASIEDU, | : | |
| | : | Civil Action No. 21-12982 (BRM)(CLW) |
| Plaintiff, | : | |
| | : | |
| v. | : | **MEMORANDUM AND ORDER** |
| | : | |
| PASSAIC COUNTY PROSECUTOR'S OFFICE, *et al.*, | : | |
| | : | |
| Defendants. | : | |

Before the Court is *pro se* Plaintiff Kelvin O. Asiedu's ("Plaintiff") civil rights Amended Complaint, filed pursuant to 42 U.S.C. §1983. (ECF No. 7.) Based on his affidavit of indigence (ECF No. 1-1), the Court previously granted him leave to proceed *in forma pauperis* and ordered the Clerk of the Court to file the Complaint. (ECF No. 2.)

At this time, the Court must review the Amended Complaint, pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.

The Court has screened the Amended Complaint and determined that Plaintiff's § 1983 claims for: (1) excessive force under the Fourth Amendment against John Doe Number 1; (2) supervisory liability/failure to protect under the Fourteenth Amendment against Defendant Detective Sietsma in his individual capacity; and (3) failure to protect against Defendants John Doe 2 to 10 may proceed. Plaintiff premises these claims on the allegation that Defendant John Doe 1 held Plaintiff face-down in the snow for five to ten minutes by forcefully pressing his knee

on Plaintiff's back.[1] (ECF No. 1 at 3-4.) Plaintiff further alleges that Defendant Detective Sietsma was acting in a supervisory capacity and stood by and watched while John Doe 1 held Plaintiff down so forcefully that he could not breathe or speak. (*Id.* at 3.) Plaintiff asserts that John Does 2 to 10 also stood by and watched John Doe 1's actions. (*Id.* at 3.)

Plaintiff's denial of medical care claim against Detective Sietsma and John Does 1 to 10 is dismissed without prejudice. "[T]o set forth a cognizable claim for a violation of the right to adequate medical care, an inmate must allege: (1) a serious medical need; and (2) behavior on the part of [government] officials that constitutes deliberate indifference to that need." *Quinones v. Cty. of Camden*, No. 171-3769, 2018 WL 3586270, at *3 (D.N.J. July 26, 2018) (citing *Estelle v. Gamble*, 429 U.S. 97, 103–04 (1976); *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 582 (3d Cir. 2003)). A serious medical need is: (1) "one that has been diagnosed by a physician as requiring treatment;" (2) "one that is so obvious that a lay person would recognize the necessity for a doctor's attention;" or (3) one for which "the denial of treatment would result in the unnecessary and wanton infliction of pain" or "a life-long handicap or permanent loss." *Atkinson v. Taylor*, 316 F.3d 257, 272–73 (3d Cir. 2003). "'Deliberate indifference' is more than mere malpractice or negligence; it is a state of mind equivalent to reckless disregard of a known risk of harm." *Quinones*, 2018 WL 3586270, at *4 (citing *Farmer v. Brennan*, 511 U.S. 825, 837–38 (1994)).

Plaintiff claims only that Defendant John Doe 1 used his knee and applied "extreme pressure in the middle of Plaintiff['s] back in an attempt to break [it]" and Defendant Detective

---

[1] In Plaintiff's original pleading to the Court, he claimed that his back was the location of a gunshot wound. However, he omits this fact from his Amended Complaint. As such, this Court will not incorporate that into its analysis. *See West Run Student Hous. Assocs., LLC v. Huntington Nat'l Bank*, 712 F.3d 165 (3d Cir. 2013) (holding the legal effect of an amended pleading is that it supersedes and nullifies the allegations made in the original pleading).

Sietsma knew he required medical attention but failed to get him medical care. (ECF No. 7 at 3–4.) Plaintiff fails to plead sufficient facts to establish that a serious medical need resulted from the actions of Defendant John Doe 1. As such this Court must dismiss Plaintiff's denial of medical care claim against Defendant Detective Sietsma and John Does 1 to 10 without prejudice.

Plaintiff's claims against Passaic County Prosecutor's Office and the Drug Enforcement Agency are dismissed with prejudice. To the extent that a prosecutor's office is a governmental entity subject to suit under § 1983, these state entities are entitled to absolute immunity under the Eleventh Amendment. *See Coley v. Cnty. of Essex*, 462 F. App'x 157, 161 (3d Cir. 2011); *Beightler v. Office of Essex Cnty. Prosecutor*, 342 F. App'x 829, 832 (3d Cir. 2009). A federal agency, like the Drug Enforcement Agency is not a "person" under § 1983 and it is entitled to sovereign immunity. S*ee Franchise Tax Board v. United States Postal Service,* 467 U.S. 512, 517–18 (1984) (finding sovereign immunity of the U.S. extends to its branches and agencies); *Hindes v. F.D.I.C.*, 137 F.3d 148, 158 (3d Cir. 1998) (holding federal agencies are not "persons" subject to § 1983 liability.) As such, the Drug Enforcement Agency and the Passaic County Prosecutor's Office are not proper defendants for a § 1983 claim and any claim against them is dismissed with prejudice.

Plaintiff's claims under §§ 1985 and 1986 against all Defendants are dismissed without prejudice.

> [T]o state a claim under 42 U.S.C. § 1985(3), a plaintiff must allege: (1) a conspiracy; (2) motivated by a racial or class based discriminatory animus designed to deprive, directly or indirectly, any person or class of persons to the equal protection of the laws; (3) an act in furtherance of the conspiracy; and (4) an injury to person or property or the deprivation of any right or privilege of a citizen of the United States.

*Lake v. Arnold*, 112 F.3d 682, 685 (3d Cir. 1997) Further, "to maintain a cause of action under § 1986, the plaintiffs must show the existence of a § 1985 conspiracy." *Clark v. Clabaugh,* 20 F.3d

1290, 1295 n.5 (3d Cir. 1994). Because Plaintiff has not presented any factual allegations to support a conspiracy claim nor has, he asserted that racial or class based discriminatory animus motivated Defendants' actions, he fails to state a § 1985 and 1986 claim against all Defendants. As such, the § 1985 and 1986 claims are dismissed without prejudice.

Finally, Plaintiff's abuse of power claim is dismissed without prejudice. The elements of a state law abuse of power claim are: "(1) that defendant made an illegal, improper, perverted use of the process, a use neither warranted nor authorized by the process; and (2) that defendant had an ulterior motive in exercising such illegal, perverted or improper process." *Ellman v. Hinkes*, No. A-2493-05T2, 2007 WL 632968 at *8 (N.J. Super. Ct. App. Div. Mar. 5, 2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the [alleged] misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)) ("a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"). Here, Plaintiff does not allege any facts that establish these elements. He simply alleges abuse of process but does not state by whom, when, or how it occurred. Without further information, this claim cannot proceed and is dismissed without prejudice. *See Iqbal*, 556 U.S. at 678.

Accordingly, and for good cause appearing,

**IT IS** on this 13th day of April 2022,

**ORDERED** that the following claims **SHALL PROCEED**: (1) Plaintiff's excessive force claim under the Fourth Amendment against John Doe Number 1; (2) Plaintiff's supervisory liability/failure to protect claim against Defendant Detective Sietsma; and (3) Plaintiff's failure to protect claim against John Does 2 to 10; and it is further

4

**ORDERED** that the following claims are **DISMISSED WITHOUT PREJUDICE**: (1) Plaintiff's claim pursuant to § 1985 and 1986 against all named Defendants; (2) Plaintiff's claim for abuse of process against all named Defendants; and (3) Plaintiff's claim for denial of medical care against Defendants Detective Sietsma and John Does Number 2 to 10; and it is further

**ORDERED** that Plaintiff's claims against Defendants Passaic County Prosecutor's Office and the Drug Enforcement Agency are **DISMISSED WITH PREJUDICE**; and it is further

**ORDERED** the Clerk shall mail to Plaintiff a transmittal letter explaining the procedure for completing United States Marshal ("Marshal") 285 Forms ("USM-285 Forms"); and it is further

**ORDERED** that Plaintiff shall complete the form for each Defendant and return them to the Clerk of Court, Martin Luther King Building & U.S. Courthouse, 50 Walnut Street, Newark, NJ 07102; and it is further

**ORDERED** that upon Plaintiff's sending of the completed forms to the Clerk of the Court, the Clerk shall issue summons, and the United States Marshall shall serve a copy of the Amended Complaint (ECF No. 7), summons, and this Order upon Defendants pursuant to 28 U.S.C. § 1915(d), with all costs of services advanced by the United States; and it is further

**ORDERED** Defendants shall file and serve a responsive pleading within the time specified by Federal Rule of Civil Procedure 12; and it is finally

**ORDERED** the Clerk of the Court shall serve Plaintiff with copy of this Order via regular mail.

*/s/ Brian R. Martinotti*
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**